BROWN, P. J.
—The complaint in this action sets forth two causes of action : First, for a balance due upon a contract for the sale of merchandise consisting of corn, oats, feed, groceries, etc.; second, for the rent of a building for one year, which was leased by the plaintiff to the defendant. The answer substantially admitted the facts set forth in the complaint, but the defendant alleged therein that the plaintiff agreed to sell to him, in addition to the merchandise above mentioned, a coal business which he carried on at West Patterson in Putnam county, and that defendant was to take the stock in both businesses at the market price, after the same had been inventoried. *686 It was further alleged that the stock in the feed and grocery business was inventoried and delivered-to the defendant, but. that the plaintiff refused to inventory the coal, or deliver the coal business to the defendant, and damages were claimed for such breach of the contract. It was further alleged that the defendant agreed to pay $260 per year for rent of the premises-for the purpose of carrying on said feed and coal business, but that the plaintiff retained one-half of the said premises for his own use, and that the rental value of the premises actually occupied by the defendant ivas only $125. In reference to the contract the defendant testified as follows:
“The arrangement -was made between us that we should inventory the stock on hand at the market price; that the goods be delivered to me, I paying the fair market price for all of them, take possession, and run the business for one year. I was also to have the postoffice. This included the building, the feed, the groceries in the building, the postoffice, the coal Avhich is on the premises right on the same track, and the scale connected Avith the coal business. I was to have the Avliole thing for $250, and the goods at the market price. After Ave had made the arrangements, we commenced to take inventory of the feed, and Ave Avent along counting the bags Avith feed in, estimating the Aveight as given in the bag. * "x" * After taking the inventory of the feed there Avas some time before I could get another moA^e in regard to anything. I Avas ready and spoke of it often. "x" * * I then asked him for inventory of the coal, and he Avas not ready for that, and he Avished me to wait for a time, and I Avaited. I had then taken possession of the store and feed business, including the postoffice. He Avanted me to Avait about the coal business. He was not ready to give it to me then. He said lie would some time later. He carried that idea to me. I asked him for it after that,—more than once,-—and he finally said that I could not have it. lie did not say that until some time in the fall. BetAveen April and the fall he kept putting me off, and I did not luwe it. I Aimrked there during that year in the coal business, and there Avas about one thousand tons of coal sold. I am familiar Avith the coal business there.”
In the charge to the jury the court excluded from their consideration the claim for damages for the breach of the contract in failing to inventory the coal and deliver the possession of the business to the defendant, and also the claim for abatement on the agreed rent of the building; and it refused to charge the jury, upon the defendant’s request, that the defendant was entitled to compensation for the part of the building occupied by the plaintiff, and to the refusal to charge the defendant took an exception. We are of the opinion that the ' testimony Avas such that the jury might have found that the plaintiff, during the Avhole year for Avhich he claimed to recover rent, retained and occupied a substantial part of the building; • and for such use and occupation the defendant *687 clearly had a valid claim against the plaintiff, which he was. entitled to offset against the rent stipulated in the agreement. Precisely what part of the building was occupied by the-plaintiff, and what the value of such use and occupation was,, was for the jury .to have determined, under proper instructions, from the court, and it was error for the court to withdraw this claim entirely from their consideration. For the alleged breach of the contract arising,out of the refusal to deliver the coal and the coal business, the defendant failed to prove that he had sustained any damages. The questions asked, and excluded by the court over the defendant’s objection, and. which related to this branch of the case, did not, we think, bring the case within any rule of damages that was applicable thereto. Sufficient was, however, shown to indicate that there may exist a right to recover for such breach of the contract,, should the jury find the contract to be as claimed by the defendant, and upon a new trial the'defendant may be able to supply the testimony which would be essential to his right to recover.
For the errors pointed out, in refusing to submit to the jury the claim for the use and occupation of that part of the building occupied by the plaintiff, the judgment must be reversed,, and a new trial is ordered, with costs to abide the event.